IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JAVIER MACIAS, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. |
| | § | JURY DEMANDED |
| | § | |
| DAVID PAUL GALVAN, | § | |
| THE UNITED STATES OF AMERICA, | § | |
| U.S. DEPARTMENT OF JUSTICE, | § | |
| U.S. DRUG AND ENFORCEMENT | § | |
| ADMINISTRATION, | § | |
| DAVID SALINAS, QUINTINEY C. | § | |
| SANDERS, JR., and PRANY KONG, | § | |
| Defendants | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

COME NOW Plaintiff, Javier Macias, and files this Original Complaint against

Defendants David Paul Galvan ("Galvan"), The United States of America ("USA"),

U.S. Department of Justice ("DOJ"), U.S. Drug and Enforcement Administration

("DEA"), David Salinas ("Salinas"), QUINTINEY C. SANDERS, JR. ("SANDERS"),

and PRANY KONG ("KONG"), and would show the Court as follows:

## A. PARTIES AND SERVICE

1. Plaintiff, Javier Macias, is an individual and resident of San Antonio, Bexar

County, Texas.

2. Defendant, David Paul Galvan, upon information and belief is an

employee of Defendant USA, DOJ and/or DEA, is an individual and a citizen of the

State of Texas, may be served with process at 213 Heavens Way, San Antonio, Texas 78260, or wherever he may be found.

3. Defendant, the United States of America may be served by delivering a copy of the summons and of the complaint to Gregg Soffer, United States Attorney for the Western District of Texas at 601 NW Loop 410 #600, San Antonio, Texas 78216; and by sending a copy of the summons and complaint by certified mail to the Attorney General of the United States at 950 Pennsylvania Avenue NW, Washington, D.C. 20530.

4. Defendant, the United States Department of Justice, an agency of the United States of America, may be served by delivering a copy of the summons and complaint to: Gregg Soffer, United States Attorney for the Western District of Texas at 601 NW Loop 410 #600, San Antonio, Texas 78216; and by sending a copy of the summons and complaint by certified mail to the Attorney General of the United States at 950 Pennsylvania Avenue NW, Washington, D.C. 20530.

5. Defendant, U.S. Drug and Enforcement Administration, an agency of the United States of America, may be served by serving the United States through delivering a copy of the summons and complaint to Gregg Soffer, United States Attorney for the Western District of Texas at 601 NW Loop 410 #600, San Antonio, Texas 78216; and by sending a copy of the summons and complaint by certified mail to the Attorney General of the United States at 950 Pennsylvania Avenue NW, Washington, D.C. 20530.

6. Defendant, David Salinas, an individual and a citizen of the State of Texas, may be served with process at 1801 West Avenue, San Antonio, Texas 78216, or

wherever he may be found.

7.     Defendant, Quintiney C. Sanders, Jr., an individual and a citizen of the State of Texas, may be served with process at 539 Rattler Bluff, San Antonio, Texas 78251, or wherever he may be found.

8.     Defendant, Prany Kong, an individual and a citizen of the State of Texas, may be served with process at 539 Rattler Bluff, San Antonio, Texas 78251, or wherever she may be found.

## B. JURISDICTION & VENUE

9.     The incident giving rise to this lawsuit occurred in Bexar County, Texas, which is within the geographical confines of the Western District of Texas. Accordingly, venue is proper in the Western District of Texas, San Antonio Division.

10.     The Court has jurisdiction over the lawsuit because the suit arises under 28 U.S.C. §2671 et seq.

11.     Venue is proper in this district under 28 U.S.C. §1391(e)(1)(B) because a substantial part of the events and omissions giving rise to the claim occurred in this district.

12.     Additionally, this action is based upon the Federal Tort Claims Act of August 2, 1946. 60 Stat 843; USCA, Title 28 §§134(b), 2671, et.seq.

## C. CONDITIONS PRECEDENT

13.     A claim was presented by Plaintiff pursuant to the Federal Tort Claims Act to the U.S. Department of Justice, and the U.S. Drug Enforcement Administration, (collectively "the Agencies") claiming liability for personal injuries sustained by

Plaintiff, Javier Macias, for which this action is commenced.

14. Although the Agencies have failed to rule on Plaintiff's administrative claims, it has been six months since Plaintiff first presented his claims. More specifically, Plaintiff presented his completed *Claim for Damage, Injury or Death Form* to the DOJ on or about May 21, 2020; and the same completed *Claim for Damage, Injury or Death Form* to the DEA on or about June 18, 2020, as directed by the DOJ.

15. As such, all conditions precedent to the filing of this complaint have been performed and occurred.

### D. FACTS

16. All of the facts and assertions herein are based upon information and belief.

17. On or about January 15, 2019, Plaintiff was a restrained, front-seat passenger of a vehicle, owned by KONG, and driven by SANDERS.

18. SANDERS was driving west bound on Culebra, in the middle turn lane, in the 7000 block of Culebra, in Bexar County, Texas.

19. GALVAN, was operating a vehicle owned by SALINAS, and was attempting to leave a private parking lot and turn left to head east on Culebra, when he struck SANDERS' vehicle on the passenger's side where Plaintiff was seated.

20. GALVAN, employed by the USA, DOJ and/or DEA, while acting under the color of law, was inattentive, failed to control his speed, and turned when unsafe when he collided into SANDERS' vehicle. After investigating the incident, the police assigned all fault for causing the subject crash to GALVAN's acts/omissions, including the fact that he "turned when unsafe."

21.    As a result of GALVAN's negligence, Plaintiff suffered serious personal injuries and damages as set forth in the damages section below.

## E. COUNT 1 - NEGLIGENCE AGAINST GALVAN

22.    GALVAN had a duty to exercise that degree of care on the occasion in question that a reasonable and prudent person would have exercised under the same or similar circumstances and wholly failed to do so, thus breaching the duty owed to Plaintiff which proximately caused the occurrence in question and Plaintiff's resulting injuries and damages.

23.    Plaintiff's injuries were proximately caused by GALVAN's negligent, careless and reckless disregard of this duty. The negligent, careless and reckless disregard of the duty owed to Plaintiff by GALVAN consisted of, but is not limited to, the following acts and omissions:

a.    In failing to keep such lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

b.    In failing to timely apply the brakes to his vehicle in order to avoid the collision in question:

c.    In failing to take proper evasive action and avoid the collision in question;

d.    In failing to control the speed of his vehicle to avoid the collision in question;

e.    In driving at a speed greater than was reasonable and prudent under the circumstances then existing, driving at a speed greater than was reasonable and prudent under the conditions and having regard for actual and potential hazards then existing, failing to control the speed of the vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the highway in compliance with law and the duty of each person to use due care, and/or failing to drive at an appropriate reduced speed when a special hazard existed with regard to traffic, including pedestrians, or weather or highway conditions, in violation of Section 545.351 of the TEXAS TRANSPORTATION CODE, which constitutes negligence and *negligence per se*;

f.    In failing to maintain a clear and reasonable distance between SANDERS' motor vehicle and GALVAN's motor vehicle which would permit

GALVAN to bring his motor vehicle to a safe stop without colliding into SANDERS' motor vehicle, in violation of TEXAS TRANSPORTATION CODE §545.062, which constitutes negligence and negligence *per se*;

g.     In failing to turn only when safe while driving;

h.     In failing to maintain attention while driving as a reasonable prudent person would have done; and,

i.     In driving his vehicle in willful or wanton disregard for the safety of other persons in violation of §545.401 of the TEXAS TRANSPORTATION CODE, which constitutes negligence and negligence per se.

## F. COUNT 2 - RESPONDEAT SUPERIOR

24.     At the time of the occurrence of the act in question and immediately prior thereto, GALVAN was acting within the course and scope of employment and discharging his official duties as an agent for Defendants, The United States of America, U.S. Department of Justice and/or U.S. Drug and Enforcement Administration.

25.     At the time of the occurrence of the act in question and immediately prior thereto, GALVAN was engaged in the furtherance of his official duties for Defendants, USA, DOJ and/or DEA.

26.     At the time of the occurrence of the act in question and immediately prior thereto, GALVAN was engaged in accomplishing a task for Defendants, USA, DOJ and/or DEA for which GALVAN was employed.

27.     Plaintiff invokes the doctrine of Respondeat Superior against Defendants USA, DOJ and/or DEA.

28.     Plaintiff would show that such negligence on the part of Defendants, collectively, was a proximate cause for the injuries and damages to Plaintiff in an amount within the jurisdictional limits of this Court.

**G. COUNT 3 – NEGLIGENT ENTRUSTMENT AGAINST SALINAS**

29.     Defendant GALVAN was negligent on the occasion in question, and said negligence was a proximate cause of the collision in question and resulting injuries and damages. Further, at the time of the accident, Defendant GALVAN was a permissive user of the vehicle in question.

30.     Plaintiff would show that at the date and time of the subject collision, Defendant GALVAN was operating a vehicle owned and/or controlled by Defendant DAVID SALINAS. At the date and time of the subject collision, Defendant GALVAN was an incompetent and/or reckless driver and Defendant SALINAS knew, or in the exercise of reasonable care, should have known Defendant GALVAN was an incompetent and/or reckless driver.

31.     As such, and based upon the foregoing reasons, Defendant SALINAS was guilty of negligent entrustment on the subject occasion.

**H. COUNT 4 - NEGLIGENCE AGAINST SANDERS**

32.     SANDERS had a duty to exercise that degree of care on the occasion in question that a reasonable and prudent person would have exercised under the same or similar circumstances and wholly failed to do so, thus breaching the duty owed to Plaintiff which proximately caused the occurrence in question and Plaintiff's resulting injuries and damages.

33.     Plaintiff's injuries were proximately caused by SANDERS' negligent, careless and reckless disregard of this duty. The negligent, careless and reckless disregard of the duty owed to Plaintiff by SANDERS consisted of, but is not limited to, the following acts and omissions:

a. In failing to keep such lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

b. In failing to timely apply the brakes to his vehicle in order to avoid the collision in question:

c. In failing to take proper evasive action and avoid the collision in question;

d. In failing to control the speed of his vehicle to avoid the collision in question;

e. In misusing the middle turn lane as a lane of travel;

f. In failing to maintain attention while driving as a reasonable prudent person would have done; and,

g. In driving his vehicle in willful or wanton disregard for the safety of other persons in violation of §545.401 of the TEXAS TRANSPORTATION CODE, which constitutes negligence and negligence per se.

## I. COUNT 5 – NEGLIGENT ENTRUSTMENT AGAINST KONG

34. Defendant SANDERS was negligent on the occasion in question, and said negligence was a proximate cause of the collision in question and resulting injuries and damages. Further, at the time of the accident, Defendant SANDERS was a permissive user of the vehicle in question.

35. Plaintiff would show that at the date and time of the subject collision, Defendant SANDERS was operating a vehicle owned and/or controlled by Defendant PRANY KONG. At the date and time of the subject collision, Defendant SANDERS was an incompetent and/or reckless driver and Defendant KONG knew, or in the exercise of reasonable care, should have known Defendant SANDERS was an incompetent and/or reckless driver.

36. As such, and based upon the foregoing reasons, Defendant KONG was guilty of negligent entrustment on the subject occasion.

## J. DAMAGES FOR PLAINTIFF

37. As a direct and proximate cause of the occurrence made the basis of this lawsuit, was caused to and did suffer personal injuries and damages as follows:

a.   Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the incident complained of herein and such charges are reasonable and were usual and customary charges for such services;

b.   Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

c.   Physical pain and suffering in the past;

d.   Physical pain and suffering in the future;

e.   Physical impairment in the past;

f.   Physical impairment which, in all reasonable probability, will be suffered in the future;

g.   Disfigurement in the past;

h.   Disfigurement in the future;

i.   Mental anguish in the past; and,

j.   Mental anguish in the future.

38.   These amounts are to be determined by the jury.

## K.  PRAYER

39.   For these reasons, Plaintiff seeks judgment against Defendants, jointly and severally, for the following damages:

a)   Actual damages in the just and reasonable sum in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00);

b)   Prejudgment and post judgment interest at the maximum legal rate;

c)   Costs of suit; and,

d)   All other relief the Court deems appropriate, including but not limited to attorney's fees.

Respectfully submitted,


/s/ Mark Anthony Acuna
Mark Anthony Acuna
Texas Bar No. 24064044
Federal Bar No. 997078

MARTINEZ & ASSOCIATES, PLLC
2828 Goliad Road, Suite 125
San Antonio, Texas 78223
Telephone: (210) 359-8250
Facsimile:  (210) 359-8255
Email: mark.acuna@martinez-law.com

Attorneys for Plaintiff